George Haines, Esq.   E-FILED: April 4, 2013
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 North Rainbow Ave.
Las Vegas, NV 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Juan Calvo and Michele Calvo

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In Re: | ) | Case No. BKS-10-15325-BAM |
| | ) | Chapter 13 |
| | ) | |
| | ) | Hearing Date:  May 16, 2013 |
| **Juan Calvo and Michele Calvo,** | ) | Hearing Time:   2:30PM |
| | ) | |
| | ) | |
| Debtors(s). | ) | |
| | ) | |
| | ) | |

**OBJECTION TO CAPITAL ONE, N.A.'S PROOF OF CLAIM NO. 10-1**

TO CREDITOR:   CAPITAL ONE, N.A
C/O BASS & ASSOCIATES, P.C.
ATTN: PATTI H. BASS, ESQ. (Attorney for Transferee)
3936 E. FT. LOWELL RD., SUITE 200
TUCSON, AZ 85712

Regarding Claim No. 10-1, Filed March 29, 2013
Total Claim Amount: $2,379.74

The above-named Debtors, by and through attorney George Haines, Esq., of

HAINES & KRIEGER, LLC, hereby objects to the claim filed by Creditor, CAPITAL

ONE, N.A., hereinabove identified on the grounds indicated as follows:

The above claim is disputed by the Debtors and should not be paid pro-rata with other General Unsecured Claims. The Debtors disputes that a debt is owed to this creditor and therefore this Creditor should receive nothing from the Debtors' Chapter 13 plan payments. Specifically, the claim reflects BEST BUY CO. INC. as the original Creditor. However, there is no bill of sale provided proving the transfer of ownership to HSBA BANK NEVADA, N.A. and then to CAPITAL ONE, N.A. In addition, the claim neglects to include a power of attorney, authorizing BASS & ASSOCIATES, PC to act on CAPITAL ONE, N.A.'s behalf. Debtors are asserting there is no assignment attached to Creditor's proof of claim from the originating creditor. Therefore, Debtors is challenging Creditor's standing to file a claim in this case.

Debtors have significant support for this objection. The Court in *Caplan v. B-Line, (In re Kirkland,* 572 F.3d 838 (10th Cir. July 14, 2009) held that Debtors are at a substantial disadvantage when it come to assignments. The Court went on to say that bankruptcy is not a shortcut for claims not provable elsewhere and the fact that a creditor's business practice makes it difficult for it to produce these assignments does not permit courts to ignore evidentiary rules in deciding these disputed claims.

The Court in *In re Tran*, 2007 WL 1470900 (S.D.Tex.2007) held that where proofs of claim filed by creditor seeking to recover amounts owing on credit card accounts were claims that were based on written contract under state law and had to be accompanied either by writings on which they were based or by explanation for why writing could not be provided in order to enjoy prima facie validity under Bankruptcy Rule.

Further, *In re Tran*, 2007 WL 1470900 (S.D.Tex.2007) held Debtors had no evidentiary burden to overcome in objecting to proofs of claim were claims were not filed by entities not know to the Debtors and that the burden of proof then shifted to the claimant to prove the underlying validity of its claims. *See also In re Armstrong,* 320 B.R. 97, 106 (Bankr.N.D.Tex.2005); *In re Rochester,* 2005 WL 3670877 (Bankr.N.D.Tex.2005) (holding that for a claim based upon a writing, the underlying account documents and the assignment or transfer document are needed to comply with Rule 3001(c)).

Further, in the instant matter Debtors are not merely arguing that Creditor introduce mere evidence of consideration exchanged for claim (as was the case in the narrow holding of *Resurgent Capital Serv. v. Burnett (In re Burnett),* 306 B.R. 313 (9th Cir. BAP 2004), *aff'd* 435 F.3d 971 (9th Cir.2006)). Here the Debtors argue that Creditor proffers no evidence it has standing to assert this claim.

WHEREFORE, the Debtors object to Claim No. 10-1, filed by CAPITAL ONE, N.A. and requests that Your Honor:

1. Strike CAPITAL ONE, N.A.'s Claim No. 10-1, bar this claim from being asserted against the Debtors, and direct the Chapter 13 Trustee not to disburse any funds to this claim through the Debtors' Chapter 13.
2. Grant such other and further relief as Your Honor deems necessary.

Dated: April 4, 2013

/s/George Haines, Esq.
George Haines, Esq.
Attorney for Debtors(s)